[672 NYS2d 883]

In the Matter of GREGORY ALAN HENRY (Admitted as GREGORY A. HENRY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1998

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Gregory Alan Henry was admitted to the practice of law in New York by the First Judicial Department on June 16, 1980, as Gregory A. Henry, and has maintained an office for the practice of law in Pennsylvania since 1982.

Respondent pleaded guilty in the United States District Court for the Western District of Pennsylvania to one count of willfully failing to file timely income tax returns for the calendar years 1988 through 1992, in violation of 26 USC § 7203, a misdemeanor under the United States Code. On March 19, 1996, respondent was sentenced to community confinement for three months and one year of probation.

By order entered November 8, 1996, this Court found that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) and directed respondent to show cause before the Departmental Disciplinary Committee, which was directed thereupon to hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

At the hearing, it was brought to the attention of the Hearing Panel that, while on probation, respondent was charged in the Court of Common Pleas of McKeon County, Pennsylvania, Criminal Division, with driving while under the influence of alcohol, a misdemeanor in the second degree and respondent's first offense. As a result, he was found guilty of a violation of probation. An additional year was added to respondent's term of probation, and he was directed to participate in a program that provides alcohol counseling.

On June 19, 1997, respondent was found guilty of a summary violation of careless driving and, *inter alia*, a fine was imposed.

The Hearing Panel was also presented with evidence that the Disciplinary Board of the Supreme Court of Pennsylvania recommended that no period of suspension be given to respondent and that he be given an informal admonition.

After the hearing, the Panel recommended that respondent be publicly censured and he be required to pay all outstanding

registration fees.* The Panel noted respondent's evidence in mitigation—that during the period in which respondent failed to file income tax returns he was suffering from personal and professional problems which interfered with his ability to function as an attorney, that his financial difficulties resulted in part from his election as Mayor of Bradford, Pennsylvania, a position to which he devoted considerable time and for which he received meager compensation, that he engaged in significant community activity, including *pro bono* work, and that he had earned the respect of community leaders and his peers in the legal profession, who considered his integrity and honesty to be above reproach. The Panel also noted that respondent was involved in negotiations with the Internal Revenue Service regarding his tax liability. In making its recommendation, the Panel found significant respondent's dedication to his profession and his community and the absence of any venal intent on his part. The Panel also noted that its recommendation was consistent with that of the Pennsylvania Disciplinary Board—the disciplinary body having the greatest interest in the imposition of discipline—which, despite respondent's subsequent conviction for driving under the influence of alcohol, recommended public censure.

The Disciplinary Committee moves for an order confirming the report of the Hearing Panel and ordering whatever sanction this Court deems appropriate.

Under the circumstances, we agree that a public censure is the appropriate sanction. In view of respondent's delinquency in the payment of attorney registration fees, however, he should be suspended from the practice of law until he presents proof that he has paid all outstanding fees and until further order of this Court.

SULLIVAN, J. P., MILONAS, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Motion granted, respondent publicly censured, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective July 6, 1998, and until the further order of this Court, based upon his failure to comply with section 468-a of the Judiciary Law.

---

* Respondent has not registered with the Office of Court Administration since 1985 and owes biennial fees totalling $1,200.